UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ALEJANDRO CARLO, on behalf of himself,
individually, and on behalf of all others
similarly-situated,

                      Plaintiff,

      -against-

PRESTIGE LAWNS, INC. and RODNEY
WECHSLER, individually,

                      Defendants.
------------------------------------------------------------------X

**COMPLAINT**

**Index No.:** 18-cv-05578

Jury Trial Demanded

      ALEJANDRO CARLO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against PRESTIGE LAWNS, INC. ("Prestige"), and RODNEY WECHSLER, individually, (together as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF CASE

      1.     This is a civil action seeking monetary damages and other relief based upon violations that the Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160, N.Y. Comp. Codes R. & Regs. ("NYCCRR") tit. 12, § 142-2.2; (iii) the NYLL's requirement that employers provide on each payday wage statements to their employees containing specific categories of accurate information,

NYLL § 195(3); and (iv) any other cause(s) of action that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - a landscaping company located in Rockland County and its Chief Executive Officer ("CEO") - - as a landscaper from in or around 2000 until in or around Spring 2013, and then as a misclassified "manager" from in or around Summer 2013 until in or around June 2017. As described below, for at least the six-year period pre-dating the commencement of this action until the last day of Plaintiff's employment, ("the Relevant Period"), Defendants failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, from the beginning of the Relevant Period until Spring 2013, while Plaintiff worked as a landscaper, Defendants required Plaintiff to work more than forty hours per workweek during the months of March to October, but for his work paid him at the same hourly rate for all hours that he worked per week, and thus failed to pay him at his statutorily-required overtime rate of time and one-half his regular rate for all hours that Plaintiff worked in a week in excess of forty. Then, from in or around Summer 2013 until the end of his employment in June 2017, despite giving Plaintiff a nominal promotion to the position of "manager," Defendants misclassified Plaintiff as exempt from federal and state overtime laws, still required him to work more than forty hours per week during the months of March to October, paid Plaintiff a flat salary intended to cover only his first forty hours worked per week, and thus failed to compensate Plaintiff at any rate of pay, let alone at the statutorily-required overtime rate of time and one-half his straight-time rate for each hour that Plaintiff worked per week in excess of forty.

3. Additionally, throughout the Relevant Period, Defendants failed to provide Plaintiff with accurate wage statements on each payday as the NYLL requires.

4.     Defendants paid and treated and continue to pay and treat all of their landscapers and misclassified managers in this same manner.

5.     Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually, and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA. Plaintiff brings his claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-into this action.

## JURISDICTION AND VENUE

6.     The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

7.     Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

8.     At all times during the Relevant Period, Plaintiff, a resident of Rockland County, worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCCRR.

9.     At all times during the Relevant Period, Defendant Prestige was (and is) a New York corporation with a principal executive office located at 29 Summit Park Road, New Hempstead, New York 10977.

10. At all times during the Relevant Period, Defendant Wechsler was (and is) the CEO of Prestige and Plaintiff's direct supervisor. In that role, Wechsler was responsible for overseeing the day-to-day operations of Prestige and managing its employees, including all matters with respect to determining employees' rates and methods of pay, their hours worked, the distribution and assignment of work duties, and the hiring and firing of employees.

11. At all times during the Relevant Period, Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, during that time, Defendant Prestige's qualifying annual business exceeded and $500,000, and Prestige was engaged in interstate commerce within the meaning of the FLSA as it employed two or more employees and conducted business across state lines, such as by servicing clients located in both New York and New Jersey, the combination of which subjects Defendant Prestige to the FLSA's overtime requirements as an enterprise. Furthermore, all of Defendants' employees, including Plaintiff and FLSA Plaintiffs, were and are required, on a weekly or near weekly basis, to service clients who are located in both New York and New Jersey. This independently subjects Defendants to the overtime requirements of the FLSA with respect to Plaintiff and FLSA Plaintiffs individually.

**COLLECTIVE ACTION ALLEGATIONS**

12. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former employees who, from the beginning of the applicable FLSA limitations period, performed any work for Defendants in the position of landscaper and/or manager, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

4

13. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

14. At all relevant times herein, Defendants are and have been aware of the requirement to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose and choose not to do so.

15. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

16. Prestige was and is a landscaping company that provides landscaping and lawn care services throughout Westchester County, New York, and in New Jersey.

17. At all times during the Relevant Period, Wechsler was not only the CEO of Prestige, but was also the day-to-day overseer of the business. To that end, Wechsler personally hired Plaintiff and terminated Plaintiff's employment, determined the amount of wages to be paid to Plaintiff and the method of paying Plaintiff those wages, set Plaintiff's work schedule, and distributed and assigned Plaintiff his work duties.

18. In or around 2000, Plaintiff commenced his employment with Defendants as a landscaper. As its name suggests, from March through October of each year, Plaintiff was required

to perform groundskeeping duties for Defendants' clients by, *inter alia*, mowing lawns, applying fertilizers, and pulling weeds.

19. In or around the summer of 2013, Wechsler, on behalf of Defendants, "promoted" Plaintiff to "manager." Regardless of the change in title, in this capacity, from March through October of each year, Plaintiff's duties primarily remained those that he completed as a landscaper. The only difference was that on occasion, Plaintiff recruited individuals to interview with Defendants. However, Plaintiff had no input into whether Defendants actually hired any of these candidates, and moreover, once these individuals were hired, Plaintiff's primary duties did not include managing them, or anyone, but rather remained performing the same landscaping work as he had for the previous fourteen-plus years.

20. Plaintiff remained in this position of "manager" until in or around June 2017.

21. In his role as a landscaper, from March through October of each year throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did in fact work, six days per week, from 8:00 a.m. until approximately 6:30 p.m., while permitting him to take a scheduled thirty-minute break each day, for a total of approximately sixty hours per week.

22. In exchange for his work as a landscaper from the beginning of the Relevant Period until Spring 2013, Defendants paid Plaintiff $8.00 per hour in cash for all hours that he worked per week, and thereby failed to pay Plaintiff at the rate of time and one-half his straight-time rate, or $12.00 per hour, for any hour that Plaintiff worked per week in excess of forty.

23. By way of example only, during the week of July 2 through July 8, 2012, Defendants required Plaintiff to work, and Plaintiff did work, from 8:00 a.m. until 6:30 p.m. over the course of six days, while permitting him to take a scheduled thirty-minute break during each day, for a total of sixty hours. For his work during this week, Defendants paid Plaintiff $8.00 per

6

hour for all hours that he worked, including those in excess of forty, and thus failed to compensate Plaintiff $4.00 per hour in overtime premiums for the thirty-two hours that he worked that week in excess of forty.

24. In his role as a manager, from March to October of each year throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did in fact work, either six or seven days per week, from between 7:00 a.m. and 8:00 a.m. until between 6:30 p.m. and 8:00 p.m., while permitting him to take a thirty-minute break each day, for a total of between sixty and eighty and one-half hours per week.

25. In exchange for his work as a manager from Summer 2013 until the end of the Relevant Period, Defendants paid Plaintiff $265 by personal check and $320 in cash each week, for a total of $585 per week, which was intended to and did in fact cover only the first forty hours that Plaintiff worked each week, and thus yields a regular hourly rate of $14.63.

26. While working as a manager, Defendants did not pay Plaintiff at any rate of pay for any hours that Plaintiff worked in a week in excess of forty, let alone at his legally-mandated overtime rate of $21.94.

27. By way of example only, during the week of July 3 through July 9, 2017, Defendants required Plaintiff to work, and Plaintiff did work: from 8:00 a.m. until 6:00 p.m. on Monday; from 8:00 a.m. until 7:00 p.m. on Tuesday; from 8:00 a.m. until 6:45 p.m. on Wednesday; from 8:00 a.m. until 6:30 p.m. on Thursday; from 1:30 p.m. until 8:00 p.m. on Friday; from 8:00 a.m. until 7:00 p.m. on Saturday; and from 7:00 a.m. until 11:00 a.m. on Sunday, while being permitted to take a thirty-minute break Monday through Saturday, for a total of sixty-hours and forty-five minutes. For his work during this week, Defendants paid Plaintiff $585.00, which was intended to and did in fact cover only the first forty hours that Plaintiff worked, and thus yields a

7

regular rate of $14.63. Defendants did not pay Plaintiff at any rate, and thus not at his overtime rate of $21.95, for any hours that Plaintiff worked in excess of forty that week.

28. Defendants paid Plaintiff on a weekly basis.

29. On each occasion from March through October during the Relevant Time Period when they paid Plaintiff, Defendants failed to provide Plaintiff with a wage statement that accurately listed, *inter alia*, his actual hours worked for that week, or an accurate listing of his hours worked to be paid at his overtime or straight-time rate of pay.

30. Defendants treated Plaintiff and continue to treat FLSA Plaintiffs in the same manner described herein.

31. Defendants acted in this manner to maximize their profits and minizine their labor costs and overhead.

32. Each hour that Plaintiff and FLSA Plaintiffs worked and work was and is for Defendants' benefit.

### FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the FLSA*

33. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

35. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

36. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

37. Defendants willfully violated the FLSA.

38. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

39. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS
*Unpaid Overtime Under the NYLL and the NYCCRR*

40. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. NYLL § 160 and 12 NYCCRR § 142-2.2 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

42. As described above, Defendants are employers within the meaning of the NYLL and the NYCCRR, while Plaintiff and any FLSA Plaintiff who opts-into this action are employees within the meaning of the NYLL and the NYCCRR.

43. As also described above, Plaintiff and any FLSA Plaintiff who opts-into this action worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCCRR's overtime provisions.

44. Plaintiff and any FLSA Plaintiff who opts-into this action are entitled to their overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

45. Plaintiff and any FLSA Plaintiff who opts-into this action are also entitled to liquidated damages, interest, and attorneys' fees for Defendants' violations of the NYLL's and the NYCCRR's overtime provisions.

### THIRD FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

46. Plaintiff and any FLSA Plaintiff who opts-into this action repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

48. As described above, Defendants, on each payday, failed to furnish Plaintiff and any FLSA Plaintiff who opts-into this action with wage statements that accurately contained all of the criteria required under the NYLL.

49. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $100 for each workweek after the violation occurred, up to a statutory cap of $2,500.

50. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff and any FLSA Plaintiff who opts-into this action in the amount of $250 for each workday after the violation occurred, up to a statutory cap of $5,000.

## DEMAND FOR A JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury in this action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a.  A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b.  Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c.  An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

d.  Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

e.  All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Awarding Plaintiff and FLSA Plaintiffs their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, as well as their reasonable attorneys' fees, and an award of a service payment to Plaintiff;

  h. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  i. Pre-judgment and post-judgment interest, as provided by law; and

  j. Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: Great Neck, New York
   June 20, 2018

            Respectfully submitted,
            BORRELLI & ASSOCIATES, P.L.L.C.
            *Attorneys for Plaintiff*
            1010 Northern Boulevard, Suite 328
            Great Neck, New York 11021
            Tel. (516) 248 - 5550
            Fax. (516) 248 - 6027

By: _____
   TAYLOR M. FERRIS (TF 0521)
   ALEXANDER T. COLEMAN (AC 1717)
   MICHAEL J. BORRELLI (MB 8533)